**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

DENYERLIN MARIA CHIRINOS MARTINEZ,

Petitioner,

v. Case No. 2:26-cv-02717 KWR-GJF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE detention. Petitioner was ordered removed and her removal order is final. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED** without prejudice.

**BACKGROUND**

Petitioner is a citizen of Venezuela detained by ICE at the Otero County Processing Center. Petitioner entered the United States in 2023 and was released into the United States. On or around February 4, 2026, Petitioner was held in Orange County jail on local charges. Border Patrol detained her on or around February 7, 2026. On August 7, 2026, an immigration judge ordered

Petitioner removed to Venezuela. Petitioner reserved appeal. However, no appeal was received. Therefore, the removal order became final on September 8, 2026.

**DISCUSSION**

Petitioner appears to assert that her detention violates due process. As explained below, Petitioner is lawfully detained at this time under 8 U.S.C. § 1231 and *Zadvydas* as she has been detained for less than six months following the entry of a final order of removal. An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition

the BIA for review of the order.') (citation omitted). The regulations set forth when an order of removal becomes final. *See* 8 C.F.R. § 1241.1.

Here, Petitioner is subject to a final order of removal. Petitioner's order of removal was issued on August 7, 2026. Petitioner reserved appeal but did not file an appeal. Her removal order became final on or about September 8, 2026, when the time to appeal expired. *See* 8 C.F.R. § 1241.1(c) (stating that removal order is final upon expiration of appeal period). Petitioner is thus mandatorily detained under 8 U.S.C. § 1231(a), as less than 90 days have passed since her removal order became final.

Moreover, under *Zadvydas*, Petitioner's detention pending her removal from the country is presumptively reasonable for six months. *Zadvydas,* 533 U.S. at 701. Petitioner does not explain why the six-month presumptively reasonable period of detention does not apply here. Thus, based on the limited record before the Court, Petitioner appears to be lawfully detained at this time under § 1231 and *Zadvydas.* Petitioner may file a new *Zadvydas* petition once she has been detained for more than six months after her removal order became final.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED without prejudice.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE